UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

LARRY G. HARRIS, N-57672, )
    Plaintiff, )
)
-vs- ) CASE NO. 17-CV-2075
)
WARDEN VICTOR CALLOWAY, )
CHARLES CAMPBELL, NEIL )
FLANNERY, FELICIA ADKINS, )
JOHN PETESON. )
    Defendants. )

FILED
MAR 3 0 2017
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

## COMPLAINT

### 42 U.S.C. § 1983 CIVIL SUIT AGAINST STATE EMPLOYEES

#### I. FEDERAL JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution. Based on the First Amendment Protection offered a State Prisoner for retaliatory acts for exercising his right to file grievances. His families right to expose the Plaintiff's illegal treatment on Facebook and other Social Media Outlets.

All Defendant's are, or were, employed at the Danville C.C. at the time of the complaint lodged here. As the U.S. Federal Court building in Urbana, Illinois, holds jurisdiction over this matter this complaint is filed in the now listed U.S. Courthouse to be adjudicated there.

United States District Court
Central District of Illinois
201 Vine Street
218 U.S. Courthouse
Urbana, IL 61801

#### II. PARTIES

A. PLaintiff:   Larry G. Harris, N-57672
              Shawnee C.C.
              6665 State Route 146E
              Vienna, IL 62995

B. Defendants:

Defendant # 1.

Warden Victor P. Calloway

CAO Danville C.C.

3820 East Main Street

Danville, IL 61834

217-446-0441

Defendant #2:

Charles Campbell

Lt. Internal Affairs Department

Danville C.C.

3820 East Main Street

Danville, IL 61834

217-446-0441

Defendant #3:

Neil Flannery

Adjustment Committee Chairperson

Danville C.C.

3820 East Main Street

Danville, IL 61834

217-446-0441

Defendant #4:

Felicia Adkins

Adjustment Committee Chairperson

Danville C.C.

3820 East Main Street

Danville, IL 61834

217-446-0441

2 of 21

Defendant #5:

   John Peteson

   Grievance Officer

   Danville C.C.

   3820 East Main Street

   Danville, IL 61834

   217-446-0441

### III. LITIGATION HISTORY

The Plaintiff here has one strike against him. The plaintiff has several pending lawsuits. Two in the U.S. Central District: Harris-vs-Brown, et al., 3:07-cv-03225-HAB-BGC on appeal to the U.S. Seventh Circuit Court of Appeal.
Harris-vs-Dempsey, 2:17-cv-02010-SLD

   The plaintiff has an active case in the U.S. Southern District:
Harris-vs-Butler, et al., 14-498-SMY-RJD

   Plaintiff has filed numerous previous civil actions over the twenty year spand. Plaintiff pays the filing fee up front, and will also in this case at bar.

### IV. EXHAUSTION OF STATE REMEDIES

   Plaintiff filed the State Grievance Procedure. Exhausted through the three steps required. A copy is attached here.

   Plaintiff's ticket and all charges expunged at the State Adminstrative Review Board on December 23rd, 2016. Copy attached in Plaintiff's Appendix.

## V. STATEMENT OF CLAIM

At all times brought in this Civil Action the Plaintiff was an Illinois Department of Corrections Prisoner housed at the Danville, Illinois, Correctional Center.

The time spand carries from April 20th, 2016, to December 23rd, 2016. C-Grade Status and Commissary Denial to Jaunary 3rd, 2017.

## NATURE OF THE CLAIM

Violation of Plaintiff's First Amendment to the U.S. Constitution

Retaliation for First Amendment activity is illegal. It is a protected First Amendment activity for the State Prisoner and his family. To expose and complain about the illegal conditions and treatment in his confinement.

Retaliatory transfer is illegal when imposed to punish and deter First Amendment activity.

BRIDGES-V-GILBERT, 557 F.3d 541,551 (7th Cir. 2009)

GOMEZ-V-RANDLE, 680 F.3d 859 (7th Cir. 2012)

Retaliatory Transfers

KING-V-ZAMIARA, 2013 WL 2102655 W.D.Michigan No. 4:02-cv-141

Zimmerman-vs-Tribble, 226 F3d 568 (7th Cir. 2000)

HIGGASON-vs-FARLEY, 83 F.3d 807 (7th Cir. 1996)

BUISE-vs-HUDKINS, 584 F.2d 223 (7th Cir. 1978)

On the date of April 20th, 2016, the Plaintiff was transferred from the Menard C.C. to the Danville C.C.. Upon transfer the Plaintiff's Medical No Soy Diet was terminated by the Wexford Medical Staff. Once this took place the Plaintiff was required to supplement his diet throu a

4 of 21

his diet through the inmate commissary. Plaintiff suffers from Hashimoto's Thyroiditis Disease. Soy consumption exacerbates the disease. Plaintiff had received a Medical No Soy Diet since December 3rd, 2008.

Plaintiff wrote several letters and grievances addressing the denial of the Medical No Soy diet, and the overcharge of commissary prices applied to the Plaintiff. The I.D.O.C. Commissary is allowed to impose a twenty-five percent write up on commissary sales. The weekly fluctuations were well over the 25% allowed.

The Plaintiff discussed these facts and circumstances with his daughter and family friends. These family members, his daughter Amanda Carrasco, and friend Sally Fallen-Morell, did post this illegal treatment upon the media outlets known as facebook and www.Freelarryrockyharris.wordpress.com. Using their First Amendment Right to seek redress on conditions of confinement these issues were posted by the Plaintiff's friends and family.

On October 25th, 2016, Warden Victor Calloway had the Plaintiff placed in segregation. Lt. Charles Campbell drafted an Inmate Disciplinary Report charging the Plaintiff with 206 Threats and Intimidation. Stating the Facebook posting created a "Hostile Work Environment" for the Danville Staff. This charge was placed to intimidate the Plaintiff's daughter into silence on her facebook page. To stop her from posting the illegal treatment of her father. See attached copy of ticket, disciplinary action, retaliatory transfer, and grievance filed in the Plaintiff's Appendix.

On December 7th, 2016, the Plaintiff was given a Disciplinary Transfer to the Big Muddy River C.C.. This in retaliation for the grievances and social media posting.

## FOURTEENTH AMENDMENT DUE PROCESS OF LAW VIOLATION

On the date of 11-10-2016, the Plaintiff was taken in front of the Danville C.C. Adjustment Committee to hear the retaliatory ticket drafted by I.A. Lt. Campbell.

The Adjustment Committee Chairperson, Defendant, Neil Flannery, and Defendant, Felicia Adkins, refused to call the Plaintiff's witness in defense, or allow him to present a defense. They stated," The punishment would be determined by what I.A. Lt. Campbell determined to be needed here." Acting in a conspiracy to silence the Plaintiff's First Amendment activity at the Danville C.C. the Defendants found guilt on Lt. Campbell's recommendation. The most severe penalties allowed were imposed along with a disciplinary transfer.

These actions violate all the Due Process Of Law requirements for a prison Adjustment Committee action found established by the U.S. Supreme Court case of <u>Wolff-vs-McDonnell, 94 S.Ct. 2963 (1974).</u> <u>The 14th Amendment</u> of the U.S. Constitution.

The Defendant, Adjustment Committee Chairperson, Neil Flannery, and Defendant, Felicia Adkins, was asked by the Plaintiff to call witness, Amanda Carrasco. The Plaintiff had listed her as a witness. Had placed her name and telephone number on the front of the ticket to be called as a witness at the Adjustment Committee Hearing. See attached copy of Disciplinary Report where Plaintiff requested Amanda Carrasco be called, and what she would testify too.

The Plaintiff has no access to the Facebook page ran by his daughter, Amanda Carrasco. Plaintiff requested the Adjustment Committee Defendants call her to verify this fact. Verify fact Plaintiff had no knowledge of the posting until it was read to him by I.A.

on October 25th, 2016.

Defendant, Neil Flannery, stated that, "I called Springfield. They said I could not call your daughter. This ticket will be determined by what Lt. Campbell states will need to be done. You can go."

## DEFENDANT JOHN PETESON

Defendant, John Peteson, was the Grievance Officer employed at the Danville C.C.. Acting in a conspiracy with Lt. Campbell, Warden Calloway, and the Danville Adjustment Committee Defendants, Neil Flannery and Alecia Adkins, did deny the Plaintiff a fair and fundamental review of his grievance. Defendant, John Peteson, never once talked to the Plaintiff about the grievance, or the ticket and Adjustment Committee Hearing.

Defendant, John Peteson, never called the witness, Amanda Carrasco. Nor did he examine and refute the fact that Lt. Campbell acted in an illegal manner on the grievance to influence his decision to deny the grievance.

On the front page of the grievance, it clearly states that any grievance written on a ticket goes directly to the Grievance Officer. No Counselor's Response is required. But here we find a response written in, and signed, by Lt. Campbell. This on a grievance written against Lt. Campbell. Violates the Due Process of Law and First Amendment Protected activity in place here to deter this kind of retaliation by prison staff.

In reviewing Defendant, John Peteson's, answer we find he relies totally on the words and written ticket submitted by I.A. Lt. Campbell. Violating all First and Fourteenth Amendment rights set up by the

U.S. Constitution to prohibit--this type of retaliatory acts to silence First Amendment activity found in Wolff-vs-McDonnell.

### DEFENDANT CHARLES CAMPBELL

Acting in a conspiracy with Warden Victor Calloway, defendant Campbell did draft a false Disciplinary Report. Influence the Adjustment Committee Hearing, and Grievance Officer's Investigation. This to silence and deter the First Amendment activity by Plaintiff, Larry G. Harris, and his daughter, Amanda Carrasco. His friend Sally Fallon-Morell.

This Defendant, Campbell's, actions violated the Plaintiff's First and Fourteenth Amendment rights to the U.S. Constitution in order to punish and silence his First Amendment activity in complaining about his conditions of confinement.
See Bridges-vs-Gilbert, 557 f.3d 541, 551 (7th Cir. 2009)
Gomez-vs-Randle, 680 F.3d 859 (7th Cir. 2012)

### DEFENDANT VICTOR P. CALLOWAY

Warden Victor Calloway moved to silence the First Amendment activity by the Plaintiff in this case at bar. On the date of October 25th, 2016, Warden Calloway had the plaintiff placed in segregation status. He instructed I.A. Lt. Campbell to draft a Disciplinary Report to silence and deter any present and future First Amendment activity by the Plaintiff concerning his Medical No Soy Diet and the Commissary issued envolving from that Medical Treatment denial.

As CAO of the Danville C.C. Warden Calloway held the Mittimus on the Plaintiff. It was he who signed off on the ticket punishment. The denial of the grievance written, and the Disciplinary Transfer.

It was Warden Victor Calloway who had the Plaintiff placed in segregation. Who instructed his employees to violate the Plaintiff's Constitutional Rights. Who created and directed the conspiracy to have the Plaintiff punished and transferred from his prison to deter the First Amendment activity.

Warden Calloway violated the Law here. Clearly established by the Seventh Circuit Court of Appeal. See these cases.

<u>BRIDGES-vs-GILBERT, 557, F.3d 541, 551 (7th Cir. 2009)</u>
<u>Gomez-vs-Randle, 680 F.3d 859 (7th Cir. 2012)</u>
<u>Retaliatory Transfers:</u>
<u>KING-vs-Zamiara, 2013 WL 2102655 W.D.Michigan Case no. 4:02-cv-141</u>
<u>ZIMMERMAN-vs-TRIBBLE, 226 F.3d 568 (7th Cir. 2000)</u>
<u>HIGGASON-vs-FARLEY, 83 F.3d 807 (7th Cir. 1996)</u>
<u>BUISE-vs-HUDKINS, 584 F.2d 223 (7th Cir. 1978)</u>

The plaintiff was given a Disciplinary Transfer to harsher conditions of confinement at the Big Muddy River C.C.. Held in segregation status from October 25th, 2016, to December 17th, 2016.

The Plaintiff was released from segregation on December 17th. Plaintiff's ticket and all charges were expunged by the I.D.O.C. Administrative Review Board on December 23rd, 2016. See attached Administrative Review Board response. But plaintiff remained in C-Grade Status and Commissary Denial until January 5th, 2017.

The retaliatory acts by Warden Calloway, and his employees, at the Danville C.C. were predicated based on the October 23rd, 2016, letter drafted by the Plaintiff's daughter. This letter was written to Governor Rauner asking him to investigate the commissary overcharge and denial of Plaintiff's Medical No Soy Diet. See attached

copy of letter from Warden Victor Calloway to Plaintiff's daughter Amanda Carrasco. This letter dated November 1, 2016.

1. Letter to Governor Rauner dated October 23rd.
2. Plaintiff placed in segregation by Warden Calloway on October 25th, 2016.
3. Ticket and Punishment in place from October 25th forward.
4. Letter to Plaintiff's Daughter drafted November 1st, 2016.

There is a chronology of events here that speaks volumes. The evidence submitted supports these findings.

### RELIEF REQUESTED

1. I want one-thousand dollars a day for every day I spent in Segregation and C-Grade Status with Commissary Denial. Runs from October 25th, 2016, to Jaunary 3rd, 2017. A total of 54 days in segregation. Another 17 days in C-Grade and Commissary Denial equals a total 71 days in punishment illegally.
2. I want to be protected from any further "Diesel Therapy" transfers, to deter First Amendment activity.
3. I want a job in the Industry as a welder at the Shawnee C.C. without any retaliatory ticket to terminate employment there.
4. I want all retaliatory tickets and commissary spending restrictions to stop immediately. Expunge--the $150.00 dollar limit imposed on food purchase in place at Shwawnee C.C..
5. I want what every the jury will award in punitive damages to stop this retaliation for First Amendment activity on my part.

10 of 21

I demand a trial by Jury.

Signed on this 16th of March, 2017.

*[signature]*
Larry G. Harris N-57672
Shawnee C.C.
State Route 146E
Vienna, IL 62995

PROOF OF SERVICE

PLEASE TAKE NOTICE, that I, Larry G. Harris, acting pro se, did mail a copy of the attached Plaintiff's 42 U.S.C. § 1983 Civil Action upon the Clerk of the Court for the U.S. Central District of Illinois, by placing said document with Appendix in the U.S. Mail with proper postage attached on this 27th March, 2017.

*[signature]*
Larry G. Harris N-57672
Shawnee C.C.
State Route 146E
Vienna, IL 62995

Clerk of the Court
U.S. CD of Illinois
201 Vine Street
218 U.S. Courthouse
Urbana, IL 61801

11 of 21